**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DANIEL A. C.,**

                        **Plaintiff,**

  vs.                                                    5:24-CV-1073
                                                                         (MAD/DJS)
**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **OLINSKY LAW GROUP** | **HOWARD D. OLINSKY, ESQ.** |
| 250 South Clinton Street – Suite 210 | |
| Syracuse, New York 13202 | |
| Attorneys for Plaintiff | |
| | |
| **SOCIAL SECURITY ADMINISTRATION** | **FERGUS J. KAISER, ESQ.** |
| Office of Program Litigation, Office 2 | |
| 6401 Security Boulevard | |
| Baltimore, Maryland 21235 | |
| Attorneys for Defendant | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. *See* Dkt. No. 1. Both parties subsequently moved for judgment on the pleadings. *See* Dkt. Nos. 8 & 12. In a March 24, 2025 Report-Recommendation and Order, Magistrate Judge Stewart recommended that the Court grant Defendant's motion and affirm the decision of the Commissioner. *See* Dkt. No. 15.

On April 7, 2025, Plaintiff objected to Magistrate Judge Stewart's recommendation. *See* Dkt. No. 16. Specifically, Plaintiff argues that Magistrate Judge Stewart erred in finding that the ALJ's step-five determination was supported by substantial evidence. *See id.*

Currently before the Court are Magistrate Judge Stewart's Report-Recommendation and Order and Plaintiff's objections thereto.

## II. BACKGROUND

For a detailed recitation of the factual background and the subsequent administrative proceedings, the Court refers to Magistrate Judge Stewart's Report-Recommendation and Order, which thoroughly and accurately summarizes the background and procedural history in this case. *See* Dkt. No. 15.

## III. DISCUSSION

**A.     Standard of Review**

*1. Substantial Evidence*

A court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied. *See Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v.*

*NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 95 L. Ed. 456 (1951)).  If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive.  *See id.*  Indeed, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's decision must be upheld — even if the court's independent review of the evidence may differ from the Commissioner's.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *see also Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citations omitted).  However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence.  *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

### *2. Disability Determination — The Five-Step Evaluation Process*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In addition, the Act requires that a claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The ALJ must follow a five-step evaluation process in deciding whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ must determine whether the claimant engaged in substantial gainful activity during the relevant period. A claimant engaged in substantial gainful activity is not disabled, and is therefore not entitled to benefits. *See id.* §§ 404.1520(b), 416.920(b).

If the claimant has not engaged in substantial gainful activity, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities. *See id.* §§ 404.1520(c), 416.920(c).

If the claimant is found to suffer from a severe impairment or combination of impairments, then step three requires the ALJ to determine whether, based solely on medical evidence, the impairment or combination of impairments meets or equals an impairment listed in Appendix 1 of the regulations (the "Listings"). *See id.* §§ 404.1520(d), 416.920(d); *see also id.* Pt. 404, Subpt. P, App. 1. If the claimant's impairment or combination of impairments meets one or more of the Listings, then the claimant is "presumptively disabled." *Martone*, 70 F. Supp. 2d at 149 (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether, despite the claimant's severe impairment, he or she has the residual functional capacity ("RFC") to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). The burden of proof with regard to these first four steps is on the claimant. *See Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

If it is determined that the claimant cannot perform his or her past relevant work, the burden shifts to the Commissioner for step five. *See Perez*, 77 F.3d at 46 (citing *Carroll*, 705

4

F.2d at 642). This step requires the ALJ to examine whether the claimant can do any type of work. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). The regulations provide that factors such as a claimant's age, physical ability, education, and previous work experience should be evaluated to determine whether a claimant retains the RFC to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary. *See Perez*, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2). "[T]he Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity." *Poupore*, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)).

### *3. Review of Report and Recommendation*

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.   Application**

In this case, Plaintiff challenges the ALJ's step-five conclusion that there were jobs existing in substantial numbers that Plaintiff could perform. *See* Dkt. No. 8 at 3-7. In his motion, Plaintiff specifically argued that the temperament requirements for the jobs identified by the ALJ conflict with the RFC finding and that the ALJ failed to properly reconcile that conflict. *See id.*

5

In his objections, Plaintiff again repeats this argument, arguing that the vocational expert's testimony that there existed jobs in the national economy that Plaintiff could perform was unreliable because the requirements of the identified jobs conflicted with the ALJ's RFC determination evidence. *See* Dkt. No. 16 at 1-2.

At step five of the sequential analysis, the ALJ determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009). To assist with this determination, ALJs often refer to the Dictionary of Occupational Titles ("DOT"), which is published by the Department of Labor and provides detailed descriptions of the requirements for a variety of jobs. *See Tanesha L. v. Comm'r of Soc. Sec.*, No. 1:21-cv-7109, 2022 WL 4779761, *3 (S.D.N.Y. Oct. 3, 2022) (citing 20 C.F.R. § 416.966(d)(1)).

In this case, the ALJ found that Plaintiff has the RFC to perform work at all exertional levels with the following limitations:

> claimant can understand, remember, and carry out simple instructions; claimant can use judgment to make simple work-related decisions; claimant should work in a job with occasional changes in the routine work setting; claimant cannot perform work requiring a specific production rate, such as an assembly line, or perform work that requires hourly quotas; and claimant should have occasional contact with co-workers and supervisors, but no public contact.

Tr. at 23.

As Magistrate Judge Stewart noted, in this case a vocational expert testified that an individual with the RFC identified by the ALJ could work as an industrial cleaner, a hand packager, and a floor waxer. *See* Dkt. No. 15 at 7 (citing Tr. at 62-63). The ALJ adopted that conclusion. Plaintiff argues that "there is tension between the ALJ's finding that Plaintiff can perform three jobs that require him to perform tasks 'over and over again according to set

6

procedures, sequence, or pace with little opportunity for diversion or interruption' when he has a moderate limitation in performing tasks at a consistent pace and therefore cannot work at a specified rate of production, or work, on the job." Dkt. No. 8 at 7. In making this argument, Plaintiff relies on the Revised Handbook for Analyzing Jobs ("RHAJ"), which is a publication distinct from the DOT. *See Chaderick G. v. Comm'r of Soc. Sec.*, No. 1:24-cv-258, 2024 WL 4767031, *5 (S.D.N.Y. Nov. 13, 2024).

As Magistrate Judge Stewart correctly determined, Plaintiff's argument fails for at least two distinct reasons. First, under the procedures in place at the time of the hearing, if there appeared to be a conflict between the DOT and the vocational expert's testimony, the DOT is "so valued" that the ALJ was obliged to obtain a "reasonable explanation" for the conflict. *See Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 446 (2d Cir. 2012) (citing SSR 004-p); *see also Lockwood v. Comm'r of Soc. Sec.*, 914 F.3d 87, 91 (2d Cir. 2019); *Charlene G. v. O'Malley*, No. 5:24-cv-36, 2024 WL 4956969, *4 (N.D.N.Y. Oct. 10, 2024). Plaintiff, however, does not rely on a conflict between the testimony of the vocational expert and the DOT, but rather an alleged conflict with the RHAJ and the DOT. The Court, however, agrees with the other courts that have found "that the ALJ does not have a duty to resolve arguable conflicts with the RHAJ." *Chaderick G.*, 2024 WL 4767031, at *5 ("Courts have consistently concluded that the ALJ does not have a duty to resolve arguable conflicts with the RHAJ") (citing cases). While Plaintiff argues that SSR 00-4p obligated the ALJ to address any conflict, "SSR 00-4p does not mention the RHAJ, and there is no indication the DOT ... incorporates the RHAJ." *Morales v. Comm'r of Soc. Sec.*, No. 21-13175, 2023 WL 155213, *9 (11th Cir. Jan. 11, 2023). Accordingly, "the ALJ's duty under SSR 00-4p was not triggered, and we need not address any alleged conflict between the VE's testimony and any temperament requirements from the RHAJ." *Id.*

7

Second, even assuming that the ALJ was required to resolve an alleged conflict between the RHAJ and the DOT, there is no conflict between the identified temperament requirement and the RFC. As evident from the language of the RFC, the ALJ did not find that Plaintiff was incapable of performing routine tasks over-and-over again at a certain pace or according to certain set procedures. *See* Tr. at 23. Rather, the ALJ found only that Plaintiff would not be able to work in a position that required him to achieve certain rates of production or meet certain quotas. *See id.* The RHAJ language quoted by Plaintiff makes no reference to the ability to meet specifically set rates of production or quotas.

Accordingly, the Court finds that Magistrate Judge Stewart correctly determined that the decision of the Commissioner must be affirmed.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's March 24, 2025 Report-Recommendation and Order (Dkt. No. 15) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that the Commissioner's decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's cross-motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 18, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge